## In re RANDALL.
### No. 19231.

District Court, W. D. Pennsylvania.
May 25, 1936.

Wilbur R. Seabrook, of Erie, Pa., for debtor.

Timothy J. Mahony, of Erie, Pa., for Estate of George S. Keefe.

SCHOONMAKER, District Judge.

George I. Randall, a farm debtor, on June 19, 1935, filed a petition for the purpose of offering an extension proposal to his creditors.

Prior to this time, a mortgage on the farm property had been foreclosed and the property sold at sheriff's sale by the sheriff of Erie county, and bid in by Leo Blore, executor of the estate of George S. Keefe, mortgagee, for $545.44; but this consideration was not paid to the sheriff until August 6, 1935, when the sheriff withheld the delivery of the deed at the direction of the conciliation commissioner appointed in this case.

After the amendment to section 75 (s) of the Bankruptcy Act was passed August 28, 1935 (11 U.S.C.A. § 203 (s), the debtor filed a proposal that all his debts, both secured and unsecured, be extended for three years at 5 per cent. interest, which was accepted by all the unsecured creditors. On hearing, the conciliation commissioner found that proposal was not a fair one, because it was only a proposal to pay interest on debts for a period of three years without any provision being made for the payment of taxes, or keeping the property in repair.

Whereupon the debtor filed an amended petition under section 75 (s) of the Bankruptcy Act on November 13, 1935. To this petition the executor of the estate of George S. Keefe answered, averring that he had already acquired title to the land in question by sheriff's sale of the property on February 8, 1935, and that the sheriff had no right to withhold deed for it on the request of the conciliation commissioner, and also that the Amendatory Act of August 28, 1935, was unconstitutional.

We hold that the title of the debtor under Pennsylvania law passed out of the debtor at the time of the sheriff's sale and was complete in the purchaser when he paid the purchase money on August 8, 1935; and that the debtor had no equity of redemption in this property.

Therefore, the Act of August 28, 1935, if constitutional, would confer no jurisdiction as to this property on debtor's petition filed November 13, 1935. As there appears to be no other property involved in this application, the petition will be generally dismissed. An order may be submitted accordingly.